UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:10-CV-533-F

CHARLES BENZING,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )          O R D E R
                                    )
THARRINGTON-SMITH, LLP,             )
ALICE C. STUBBS,.                   )
KATEY M. REGAN,                     )
                                    )
            Defendants.             )

This matter is before the court on the Motion for Summary Judgment [DE-20] filed by Defendants Alice S. Stubbs and Tharrington Smith, LLP. The *pro se* Plaintiff has responded, Defendants have replied, and this matter is ripe for ruling.

This order presumes some familiarity with the procedural and factual history of this case. To summarize, the *pro se* Plaintiff filed this action alleging various claims against his former girlfriend (Katey Regan) and an attorney and law firm (Alice Stubbs and Tharrington Smith) who represented the former girlfriend in various state court proceedings involving the Plaintiff. In an order filed January 19, 2012 [DE-17], the court dismissed two of Plaintiff's claims, but allowed the action to go forward, finding that Plaintiff had stated a colorable claim under the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA"). Specifically, the court found that the allegations in the complaint, and a "Results Summary" document provided by Plaintiff, gave rise to the plausible claim that Tharrington Smith and/or Alice Stubbs obtained a consumer report on Plaintiff under the guise of employment screening, when the real reason for obtaining the report was to use the information against Plaintiff in court proceedings. The court explicitly

noted, however, that "[t]he evidence eventually may show that the 'Results Summary' is not a consumer report, or that Tharrington Smith and/or Alice Stubbs had a permissible purpose under the FCRA for obtaining a consumer report on Plaintiff, or that the facts of this case do not come within the ambit of the FCRA." Jan. 19, 2012 Order [DE-17] at p. 11.

Defendants now come forward with undisputed evidence showing that the "Results Summary" is not a consumer report. Under the FCRA, a consumer report is defined as

> any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for—(A) credit or insurance to be used primarily for personal, family, or household purposes; (B) employment purposes; or (C) any other purpose authorized under section 1681b of this title [subject to various exclusions].

15 U.S.C. § 1681a(d)(1). As the statutory definition indicates, to be a consumer report, the information must be "used or expected to be used or collected . . . for the purpose of serving as a factor" in consumer credit decisions, employment decisions, or other non-applicable statutory purposes. *Id.* The sworn evidence provided by Defendants–which has not been rebutted by any admissible evidence from the Plaintiff–shows that Jill Jackson, an attorney with Tharrington Smith, requested a search of Pennsylvania court records of Plaintiff through courtsearch.com, with the intent of using the records in civil litigation involving Plaintiff. Decl. of Jill Jackson [DE-22] ¶ 5; Supplemental Decl. of Jill Jackson [DE-36.1] ¶¶ 6-9. The undisputed evidence also shows that CourtSearch explicitly warns its users that the information is not to be used for employment screening purposes, and does not intend for the information it provides to be used in credit or employment decisions. *See* Aff. of Brett Halna Du Fretay [DE-21] ¶¶ 8, 11, 12, 16, 17; Supplemental Aff. of Brett Halna Du Fretay [DE-36.2] ¶ 18. Accordingly, the evidence shows

2

that no one involved in the search of the records intended the information compiled to be used for employment or credit determination purposes. Rather, the evidence shows that all the participants intended the records to be used exactly as they were: in litigation. The upshot of all this is that the "Results Summary" is not a consumer report under the FCRA.

With no evidence that the Results Summary is a consumer report within the meaning of the FCRA, Plaintiff's claim under the statute fails. The Defendants' Motion for Summary Judgment [DE-20] is ALLOWED, and this case is DISMISSED.

SO ORDERED.

This the 21st day of March, 2012.

James C. Fox
Senior United States District Judge

3